GREENBERG TRAURIG, LLP
Ginger Pigott (SBN 162908)
*pigottg@gtlaw.com*
Richard Tabura (SBN 298677)
*taburar@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: (310) 586-7700
Fax: (310) 586-7800

MASLON LLP
Thomas R. Pack (SBN 287268)
*thomas.pack@maslon.com*
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone:  (612) 672-8200
Fax:  (612) 642-8397

*Attorneys for Defendants Medtronic MiniMed, Inc. and Medtronic, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STEPHEN PLUM; WILLIAM OLIVER; STEVEN MOYER; MORGAN BAILEY; PAMELA WEISSHAR; RICHARD MILLER; and JENNIFER TOPEL, individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>MEDTRONIC MINIMED, INC., a California corporation; MEDTRONIC, INC., a Minnesota corporation, and DOES 1-150, inclusive,<br><br>        Defendants. | Case No:_____<br><br>**DEFENDANTS MEDTRONIC MINIMED, INC., AND MEDTRONIC, INC.'S NOTICE OF REMOVAL** |

DEFENDANTS MEDTRONIC MINIMED, INC., AND MEDTRONIC, INC.'S NOTICE OF REMOVAL
STEPHEN PLUM , ET AL. V. MEDTRONIC MINIMED, INC., ET AL.. – CASE NO. _____

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants Medtronic MiniMed, Inc., and Medtronic, Inc. (collectively, "Medtronic") hereby remove this action, captioned *Stephen Plum, et al. v. Medtronic MiniMed, Inc., et al.*, bearing case number 20STCV15293, from the Superior Court of California in and for the County of Los Angeles, to the United States District Court for the Central District of California.

This Court has jurisdiction over this action because: (1) there is complete diversity of citizenship between six of the seven Plaintiffs[1]—all of which are fraudulently misjoined together in one lawsuit under California law—and Defendants; (2) Medtronic MiniMed, Inc., which is a citizen of California for diversity purposes, has not been properly joined and served in this lawsuit; (3) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (4) the Complaint necessarily raises the substantial and actually disputed issue of federal preemption, providing federal question jurisdiction over the action.

## BACKGROUND

1. On April 20, 2020, Plaintiffs Stephen Plum, William Oliver, Steven Moyer, Morgan Bailey, Pamela Weisshar, Richard Miller, and Jennifer Topel (collectively, "Plaintiffs") filed their Complaint for Damages in the Superior Court of California in and for the County of Los Angeles against Medtronic and unidentified Doe Defendants. A true and correct copy of this Complaint is attached hereto as **Exhibit 1**.

2. Plaintiffs all allege that they were "prescribed and utilized Defendants [*sic*] insulin infusion medical devices – Medtronic's 600 series insulin infusion pump – intended for the treatment of Type 1 diabetes mellitus" and their Complaint seeks

---

[1] As explained more fully below, Medtronic intends to move to sever each Plaintiff's claim from those of the other Plaintiffs pursuant to Fed. R. Civ. P. 20 and 21.

1

"general and special damages for the injuries suffered by Plaintiffs through the use of Defendants' devices." (Compl., ¶ 2.)

3.     The Complaint cites alleged injuries stemming from Plaintiffs' usage of two Medtronic systems. The first is the Medtronic 670G System. (Compl., ¶¶ 28 (Stephen Plum); 30 (Steven Moyer); 31 (Richard Miller); 32 (Pamela Weisshar); 33 (Morgan Bailey); 34 (Jennifer Topel).) The second is the Medtronic 630G System. (Compl., ¶ 29 (William Oliver).)

4.     The Complaint contains causes of action for (1) Strict Liability; (2) Negligence; (3) Breach of Express Warranty; (4) Breach of Implied Warranty; and (5) Consumer Fraud, under the unfair competition statutes of the laws of various states. (Compl., ¶¶ 35-59.)

5.     Neither of the Medtronic Defendants has been served with a summons, the Complaint, or any other process, pleadings, and/or orders. Medtronic, Inc. specifically reserves the right to contest personal jurisdiction in this Court.

### VENUE AND JURISDICTION

6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84, 1391, 1441(a), and 1446(a) because the Superior Court of California in and for the County of Los Angeles, where the Complaint was filed, is a state court within the Central District of California.

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between six of the seven Plaintiffs and both Defendants; (2) the Court may disregard the citizenship of Pamela Weisshar, a California citizen, because all of the Plaintiffs' claims have been fraudulently misjoined together in a manner which egregiously fails to comport with the permissive joinder standard set forth in Cal. Code Civ. Proc. § 378; (3) Defendant Medtronic MiniMed, Inc., the only possible forum Defendant, has not yet been "properly joined *and served*" under 28 U.S.C. § 1441(b)(2); (4) the amount in

2

controversy exceeds $75,000, exclusive of interests and costs; and (5) all other requirements for removal have been satisfied.

8.  This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' Complaint arises "under the . . . laws . . . of the United States." Specifically, Plaintiffs' "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities" and because all other requirements for removal have been satisfied. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

9.  A copy of the state court docket is attached hereto as **Exhibit 2**.

**I.      THE COURT HAS DIVERSITY JURISDICTION OVER ALL BUT ONE PLAINTIFF.**

    **A.      Most Plaintiffs Are Citizens of States Other than California and Minnesota.**

10.  Each plaintiff is a citizen of the state in which each plaintiff is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is then determined by her state of domicile . . . [a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

11.  Plaintiff Stephen Plum pleads that he is a citizen of West Virginia. (Compl., ¶ 11.)

12.  Plaintiff William Oliver pleads that he is a citizen of Kansas. (*Id.*, ¶ 12.)

13.  Plaintiff Steven Moyer pleads that he is a citizen of Nevada. (*Id.*, ¶ 13.)

14.  Plaintiff Morgan Bailey pleads that she is a citizen of Ohio. (*Id.*, ¶ 14.)

15.  Plaintiff Richard Miller pleads that he is a citizen of Ohio. (*Id.*, ¶ 16.)

16.  Plaintiff Jennifer Topel pleads that she is a citizen of Illinois. (*Id.*, ¶ 17.)

3

## B.    Plaintiff Pamela Weisshar's California Citizenship Should Be Disregarded.

17.    Plaintiff Pamela Weisshar pleads that she is a citizen of California. (*Id.*, ¶ 15.)

18.    In evaluating the Court's subject matter jurisdiction over the claims of the remaining six Plaintiffs, the Court may disregard Pamela Weisshar's citizenship, because Plaintiffs have fraudulently misjoined their claims in a manner which egregiously fails to comport with the permissive joinder standard set forth in Cal. Code Civ. Proc. § 378.

19.    The doctrine of fraudulent joinder, which creates an exception to the requirement for complete diversity when a non-diverse party is "fraudulently joined" to destroy diversity in an otherwise-removeable case, is well-settled. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

20.    The doctrine of fraudulent misjoinder, separate from the doctrine of fraudulent joinder, was first applied by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds* in *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). "Although some courts have rejected the fraudulent misjoinder doctrine, most courts have adopted it." 14C Fed. Prac. & Proc. Juris. § 3723.1 (Rev. 4th ed.) (collecting cases). "Under this approach, a state-court plaintiff can misjoin parties and thereby destroy diversity of citizenship so as to preclude removal and the court would not be required to refuse to take into account the citizenship of the misjoined party in deciding a motion to remand." *Id.*

21.    The Ninth Circuit "has not addressed the issue of 'fraudulent' or 'egregious' joinder of plaintiffs for the purpose of defeating diversity jurisdiction in the federal courts[,]" although it has acknowledged the doctrine exists. *California Dump Truck Owners Ass'n v. Cummins Engine Co.*, 24 F. App'x 727, 729 (9th Cir. 2001). Although courts are divided, some courts in the Ninth Circuit have accepted

4

the doctrine of fraudulent misjoinder as a general matter. *See, e.g.*, *Sutton v. Davol, Inc.*, 251 F.R.D. 500 (E.D.Cal.2008) (adopting the doctrine); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684–85 (D. Nev. 2004) (same, and noting "the rule is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court").

22.     Here, the seven Plaintiffs' claims have been fraudulently and/or egregiously misjoined because California law does not permit these claims to be brought as a single action.  Under California law, plaintiffs may be joined when they assert a right to relief "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."  Cal Code Civ. Proc., § 378(a)(1).

23.     But here, under California law, the mere fact that Plaintiffs each had the same medical device is insufficient to establish that their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences[.]" *Id.*  Indeed, in another case involving the joinder of various plaintiffs' claims in a medical device case, the California Court of Appeal held that joinder was inappropriate because plaintiffs' had "different surgeries, performed by different surgeons, with different knowledge and exposure to different representations by Medtronic." *David v. Medtronic*, Inc., 237 Cal. App. 4th 734, 741 (2015), *as modified* (June 26, 2015). "This is not sufficient" to properly join plaintiffs under California law. *Id.*

24.     Likewise, Plaintiffs here allege that they reside in six different states, which necessarily suggests the involvement of separate prescribing physicians. (Compl. ¶¶ 11-17.)  They allege use of separate Medtronic insulin pump systems. (*Compare* Compl. ¶¶ 28, 30-34 (670G System) *with* ¶ 29 (630G System).)  Plaintiffs allege different types of injuries and factual scenarios surrounding those injuries. (*Compare* Compl. ¶¶ 28, 31, 33 (hypoglycemia, or low blood glucose) *and* ¶¶ 29, 32, 34 (hyperglycemia, or high blood glucose) *with* ¶ 30 (both hypoglycemia and

DEFENDANTS MEDTRONIC MINIMED, INC., AND MEDTRONIC, INC.'S NOTICE OF REMOVAL
STEPHEN PLUM , ET AL. V. MEDTRONIC MINIMED, INC., ET AL.. – CASE NO. _____

hyperglycemia).)  Therefore, Plaintiffs' claims do not arise out of the "same transaction, occurrence, or series of transactions or occurrences" and are fraudulently misjoined together in a single action.

25.    The California Supreme Court has instructed that California courts must apply a "governmental interest test" in determining which state's law applies to any given claim.  *McCann v. Foster Wheeler LLC*, 225 P.3d 516, 527 (Cal. 2010) (finding that Oklahoma's statute of limitation, rather than California's, should apply in an asbestos case).  Here, the Superior Court is likely to be required to apply the laws of at least six different states to the various Plaintiffs' common-law claims.  (Compl., ¶¶ 11-17.)  Moreover, Plaintiffs seek damages under the consumer protection statutes of seven different states.  (*Id.*, ¶ 58.)  There is likewise no "question of fact or law common to" all Plaintiffs, as also required by Cal. Code Civ. Proc. § 378(a).

26.    Medtronic intends to move to sever Plaintiffs' claims shortly after removal pursuant to Fed. R. Civ. P. 20 and 21.  *See also, e.g.*, *Sutton*, 251 F.R.D. at 507 (remanding claims involving misjoined parties to California state court).

**C.    Defendants' Citizenships Do Not Destroy Removal Jurisdiction.**

27.    For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).

28.    Defendant Medtronic, Inc. is a corporation organized under the laws of the State of Minnesota with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota.  (Compl., ¶ 19.)  It is a citizen of Minnesota for diversity purposes.

29.    Defendant Medtronic MiniMed, Inc. is a corporation organized under the laws of the State of Delaware (not California, as alleged in the Complaint), but it does have its principal place of business at 18000 Devonshire Street, Northridge, California.  It is a citizen of both Delaware and California for diversity purposes.

30. Because Defendant Medtronic MiniMed, Inc. has not been "properly joined and served" at the time of this filing, the forum defendant rule of 28 U.S.C. § 1441(b) is inapplicable. *See, e.g., Dechow v. Gilead Scis., Inc.*, No. 218CV09362ABGJSX, 2019 WL 517624, at *4 (C.D. Cal. Feb. 8, 2019) (adopting plain language interpretation of § 1441(b)(2) "which requires a party to be properly joined *and* served before the forum defendant rule may limit the Court's jurisdiction.") (emphasis in original); *id.* at *3 (noting that the Third Circuit "adopts the same analytical framework as the Court does here" (citing *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018))); *Zirkin v. Shandy Media, Inc. et al.*, No. 218CV09207ODWSSX, 2019 WL 626138, at *4 (C.D. Cal. Feb. 14, 2019) (denying motion to remand because "the Court is unwilling to effectively erase language from a statute by ignoring the language 'and served' in the Forum Defendant Rule and tread dangerously into legislative province."); *May v. Hass*, No. 2:12-cv-01791-MCE-DAD, 2012 WL 4961235, at *2 (E.D. Cal. Oct. 16, 2012) (upholding out-of-state defendant's removal and denying plaintiff's motion to remand because, at the time of removal, the forum defendant had not been "properly joined *and served*" as required by § 1441) (emphasis added); *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1129 (N.D. Cal. 2012) (holding removal by out-of-state defendant was proper and viewing Congress's 2011 preservation of "properly joined and served" language "as an endorsement" of literal reading of the statute); *Allen v. Eli Lilly & Co.*, 2010 WL 3489366, at *3 (S.D. Cal. Sept. 2, 2010) ("The forum defendant rule is inapplicable if the removal is effected by an out-of-state defendant before any local defendant is served."); *Timmons v. Linvatec Corp.*, No. CV09-7947RSSX, 2010 WL 2402918, at *1 (C.D. Cal. Jan. 14, 2010) (removal was proper because forum defendants had not been served and therefore California citizenship was irrelevant); *Cucci v. Edwards*, 510 F. Supp. 2d 479, 483 (C.D. Cal. 2007) (removal was proper because service was not complete at time of

7

removal, and therefore "the § 1441(b) prohibition against removal did not apply."); *Monfort v. Adomani, Inc.*, No. 18-CV-05211-LHK, 2019 WL 131842, at *4 (N.D. Cal. Jan. 8, 2019) (recognizing and following the Third Circuit as the first circuit court to consider, and approve of, plain reading of § 1441(b)) (citing *Encompass Ins. Co.*, 902 F.3d 147); *cf. Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (under § 1441(b), post-removal joinder of forum defendant does not require remand, because "[c]hallenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed[, and] [s]ubsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand").

### D.     The Citizenship of Doe Defendants Should Be Ignored.

31.     The citizenship of the unnamed, unidentified Doe Defendants should be ignored for purposes of determining whether this action is removable based on diversity of citizenship.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded.").

### E.     The Amount-In-Controversy Exceeds $75,000.

32.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553.

33.     Here, the Complaint makes no specific claim for damages, only asserting that the matter seeks "general and special damages for the injuries suffered by Plaintiffs[.]" (Compl., ¶ 1.)  The Complaint also requests statutory damages raised under various consumer protection statutes. (Id., ¶ 59.)  Plaintiff's prayer for damages

8

specifically enumerates requests for compensatory damages, special damages including past and future medical expenses, and punitive damages.  (Compl., Prayer for Damages.)

34.    Under California law, plaintiffs are forbidden from stating the amount sought in an action to recover damages for "personal injury or wrongful death."  *See* Cal. Code Civ. Proc. § 425.10(b) (in personal injury or wrongful death matter, "the amount demanded shall not be stated").

35.    Where a complaint fails to set forth a specific amount of damages, a defendant "must provide evidence establishing it is 'more likely than not' that the amount-in-controversy exceeds $75,000." *Bryan v. Apotex, Inc.*, No. 1:12-CV-01377-LJO, 2012 WL 5933042, at *3 (E.D. Cal. Nov. 27, 2012) (citing *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996).)

36.    Here,  the amount-in-controversy requirement is satisfied because each individual Plaintiff's claims for a laundry list of alleged damages in their Complaint clearly implicates an allegation over the $75,000 jurisdictional threshold.  *See, e.g.*, *Garcia v. Owens-Brockway Glass Container Inc.*, No. LACV1601889JAKRAOX, 2016 WL 9275451, at *3 (C.D. Cal. June 30, 2016) (complaint with single negligence cause of action sufficient on its face to establish jurisdictional minimum where it sought compensatory damages for severe injuries and pain and suffering); *Hammarlund v. C.R. Bard, Inc.*, No. 215CV05506SVWJEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) ("[C]ourts have found it facially apparent from [complaints alleging severe injuries] that the amount in controversy was satisfied."); *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291, at *3 (E.D. Cal. Mar. 17, 2006) (amount in controversy satisfied where complaint asserted strict products liability, negligence, and breach of warranty claims and sought compensatory damages for resulting injuries).

9

## II. THE COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS ACTION.

37. Both of the devices at issue in Plaintiffs' Complaint—the Medtronic 670G System, and the Medtronic 630G System—were approved through the United States Food & Drug Administration's Premarket Approval ("FDA PMA") process.

38. Both of the devices at issue in Plaintiffs' Complaint—the Medtronic 670G System, and the Medtronic 630G System—were approved through the United States Food & Drug Administration's Premarket Approval ("FDA PMA") process.

39. The Medtronic 670G System was approved through the FDA's PMA process on September 28, 2016. A copy of the FDA's PMA approval letter is publicly available on the FDA's website at https://www.accessdata.fda.gov/cdrh_docs/pdf16/P160017A.pdf.

40. The Medtronic 630G System was approved through the FDA's PMA process on August 12, 2016. A copy of the FDA's PMA approval letter is publicly available on the FDA's website at https://www.accessdata.fda.gov/cdrh_docs/pdf16/P160017A.pdf.

41. Indeed, here Plaintiffs allege the applicability of regulations which "govern the manufacture of Class III pre-market approval ("PMA") medical devices," implicitly conceding that the subject devices are PMA-approved. (Compl., ¶ 25.)

42. "The FDA spends an average of 1,200 hours reviewing each [PMA] application, and grants premarket approval only if it finds there is a 'reasonable assurance' of the device's 'safety and effectiveness[.]'" *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 318 (2008) (citing 21 U.S.C. § 360e) (holding a variety of state-law tort claims preempted by Federal law). Once a device receives PMA approval, federal law expressly preempts "state requirements 'different from, or in addition to, any requirement applicable . . . to the device' under federal law . . . that relate to safety and effectiveness." *Id.* at 321-22 (citing 21 U.S.C. § 360k) (internal citations omitted).

10

43.     The Ninth Circuit Court of Appeals has explained that federal law "does not preempt state law requirements that 'parallel, rather than add to, federal requirements." *Weber v. Allergan, Inc.*, 940 F.3d 1106, 1111 (9th Cir. 2019), *cert. denied*, No. 19-869, 2020 WL 1326110 (U.S. Mar. 23, 2020) (citing *Riegel*, 552 U.S. at 330).  "In other words, [federal law] allows state law claims against a manufacturer of a [PMA-approved] medical device only if they are 'premised on a violation of FDA regulations' relating to the device." *Id.*

44.     This means that, "for a state law claim to survive express preemption under [federal law], a plaintiff must show that the defendant deviated from a particular pre-market approval or other FDA requirement applicable to the [PMA-approved] medical device." *Weber*, 940 F.3d at 1112.

45.     Removal jurisdiction exists under 28 U.S.C. § 1331 where a plaintiff's claims arise "under the . . . laws . . . of the United States."

46.     In this action, Plaintiffs only specifically plead violations of state tort and statutory consumer protection laws.  But the Supreme Court has held that, "even where a claim finds its origins in state rather than federal law" there are "cases in which arising under jurisdiction still lies." *Gunn*, 568 U.S. at 258.  Specifically, removal jurisdiction is proper here because Plaintiffs' "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities" and because all other requirements for removal have been satisfied.  *Id.* (quoting *Grable*, 545 U.S. at 314).

47.     Other courts have held that the allegation of parallel claims, which is *required* in order to survive federal-law preemption for PMA-approved devices such as the Medtronic 670G System and the Medtronic 630G System, creates federal question jurisdiction sufficient to support removal of a case to federal court. *See, e.g.*, *Burrell v. Bayer Corp.*, No. 17-CV-00032, 2017 WL 1032504, at *2-4 (W.D. N.C.,

11

Mar. 17, 2017) (holding that pleading a parallel claim sufficiently implicates federal law to create federal question jurisdiction and support removal of a medical device case to federal court); *Arrington v. Medtronic, Inc.*, 130 F.Supp.3d 1150, 1159-66 (W.D. Tenn. 2014) (holding that allegation of a parallel claim so as to survive preemption with regard to a PMA-approved created federal question jurisdiction); *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F.Supp.2d 671, 678-81 (S.D. Ohio 2014) (same); *Jenkins v. Medtronic, Inc.*, 984 F.Supp.2d 873, 878-882 (W.D. Tenn. 2013) (same); *Bowdrie v. Sun Pharmaceutical Indus. Ltd.*, 909 F.Supp.2d 179, 183-185 (E.D.N.Y. 2012) (holding that resolving state law labeling claims necessarily implicates a substantial question related to federal regulations, and therefore there is federal question jurisdiction). *But see, e.g.*, *Vieira v. Mentor Worldwide, LLC*, 18-CV-06502, 2018 WL 4275998, at *4-6 (C.D. Cal. Sept. 7, 2018) (finding that the federal regulation around breast implants did not satisfy the *Gunn* requirements for creating federal question jurisdiction for products liability claims).

48. Here, Plaintiffs' Complaint pleads parallel claims in an attempt to survive federal preemption. For example, the Complaint alleges that "Defendants . . . placed into the stream of commerce medical devices which were unreasonably dangerous through defective manufacture *and/or which failed to conform to the specifications approved by the FDA*[.]" (Compl., ¶ 35 (emphasis added).) Elsewhere, the Complaint alleges that "Defendants . . . placed, or caused to be placed into the stream of commerce, a product or products which were in a defective and unreasonably dangerous condition, *not in conformance with FDA-approved specifications*[.]" (*Id.*, ¶ 41 (emphasis added).) Further, the Complaint alleges that "Defendants . . . impliedly warranted to Plaintiffs and/or Plaintiffs' physicians that said products were of merchantable quality, were manufactured and/or packaged and/or labeled in accordance with FDA regulations, *complied with applicable FDA regulations and approved specifications* and were safe, effective and fit or the use for which they were

12

intended[.]" (*Id.*, ¶ 49 (emphasis added).)

49.     Because Plaintiffs' claims turn on Federal law—that is, whether or not Medtronic "deviated from a particular pre-market approval or other FDA requirement applicable to the [PMA-approved] medical device," *Weber*, 940 F.3d at 1112—this Court has removal jurisdiction over all of Plaintiffs' claims.

## III.   ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

### A.     The Notice of Removal Is Timely.

50.     This Notice of Removal is timely filed.  28 U.S.C. § 1446(b)(1) requires that the Notice of Removal be filed within 30 days of receipt by Medtronic, "through service or otherwise," of a copy of the Complaint.  The Complaint was filed on April 20, 2020.  (*See* **Exhibit 2** (State Court Docket).)  This Notice of Removal is filed on May 5, 2020, and necessarily meets the timeliness requirements of 28 U.S.C. § 1446(b)(1).)

### B.     All Properly Joined and Served Defendants Consent to Removal.

51.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

52.     Defendant Medtronic, Inc. has not yet been properly served, and thus its consent to removal is not required.  Nevertheless, it consents to removal, as indicated by the signature below.

53.     Defendant Medtronic MiniMed, Inc. has not yet been properly served, and thus its consent to removal is not required.  Nevertheless, it consents to removal, as indicated by the signature below.

54.     By filing this Notice of Removal, none of the Medtronic Defendants waive any defense that may be available to them and reserve all such defenses.  If any question arises as to the propriety of the removal to this Court, Medtronic requests the opportunity to present a brief and oral argument in support of its position that this case

13

has been properly removed.

C.    **Notice of Removal.**

55.    Pursuant to 28 U.S.C. § 1446(d), Medtronic will give written notice of the filing of this Notice of Removal to all parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

**CONCLUSION**

WHEREFORE, Defendants Medtronic MiniMed, Inc., and Medtronic, Inc. hereby remove this action from the Superior Court of California in and for the County of Los Angeles, to the United States District Court for the Central District of California.

Respectfully submitted,

Dated:  May 5, 2020.

GREENBERG TRAURIG, LLP

By: */s/ Richard Tabura*
Ginger Pigott (SBN 162908)
*pigottg@gtlaw.com*
Richard Tabura (SBN 298677)
*taburar@gtlaw.com*
1840 Century Park East
Suite 1900
Los Angeles, CA  90067-2121
Telephone:  (310) 586-7700
Fax:  (310) 586-7800

-AND-

MASLON LLP
Thomas R. Pack (SBN 287268)
*thomas.pack@maslon.com*
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone:  (612) 672-8200
Fax:  (612) 642-8397

**ATTORNEYS FOR DEFENDANTS MEDTRONIC MINIMED, INC. AND MEDTRONIC, INC.**

14

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is:

On May 5, 2020, I served the following document(s): **DEFENDANTS MEDTRONIC MINIMED, INC., AND MEDTRONIC, INC.'S NOTICE OF FILING OF NOTICE OF REMOVAL** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Julia Reed Zaic
Laura Smith
Heavside Reed-Zaic
312 Broadway Street, Suite 203
Laguna Beach, CA  92561.

☐ I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Minneapolis, Minnesota.

☒ By Overnight Service: I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

☐ By E-Service: I electronically served the above document(s) via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

Executed: May 5, 2020.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Haleh Sharifi
Haleh Sharifi